UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC SUNDWALL; ROBERT PERKOWSKI;
ANGELO SCOTT; THE LIBERTARIAN PARTY
OF THE NEW YORK STATE,

                              Plaintiff,

   -against-                                                  1:06-CV-1191
                                                                    (LEK/DRH)

NEIL W. KELLEHER, *each individually and in their capacities as Commissioners of the New York State Board of Elections*; DOUGLAS A. KELLNER, *each individually and in their capacities as Commissioners of the New York State Board of Elections*; EVELYN J. AQUILA, *each individually and in their capacities as Commissioners of the New York State Board of Elections*; HELENA MOSES DONOHUE, *each individually and in their capacities as Commissioners of the New York State Board of Elections*,

                              Defendants.

## DECISION AND ORDER

     The Court has reviewed the submissions of the parties, and the relevant law (especially Stoppenbach v. Sweeney, 98 N.Y.2d 431 (2002); Stark v. Kelleher, 820 N.Y.S.2d 193 (2006), leave to appeal denied, 7 N.Y.3d 707; Zobel v. New York State Bd. of Elections, 678 N.Y.S.2d 794 (3d Dep't 1998); and Schulz v. Williams, 44 F.3d 48 (2d Cir. 1994) (finding § 6-140, with similar provisions to § 6-130, to be constitutional)), and has heard oral argument on the Order to Show Cause, and finds that Plaintiffs have not presented sufficient facts or law to demonstrate that there is a likelihood of their success on the merits.  Indeed, among other things, the requirements of the New

York Election Law (§ 6-130) in this matter are not unduly burdensome or restrictive, and are necessary for the assurance of a fair, honest, and orderly election cycle. Furthermore, the existence of a computerized voter registration database, maintained by the New York State Board of Elections, does not itself require a finding that the provisions of the challenged law are burdensome or unconstitutional. Therefore, Plaintiffs' requests for injunctive and equitable relief are denied, Plaintiffs' Motion is denied, and Plaintiffs' Complaint is dismissed.

Therefore, it is hereby

**ORDERED**, that Plaintiffs' Emergency Motion for Temporary Restraining Order (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon all parties.

**IT IS SO ORDERED**.

DATED:   October 10, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge